Filed 01/29/09     Case 09-02073     Doc 1

2009-02073
FILED
January 29, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001634031

WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky, Of Counsel – SBN 75240
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025

Telephone: 310-820-6529
Facsimile: 310- 826-2321

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>GENARO LUNA ,<br>9919 Mango Ln<br>Elk Grove, CA 95624<br><br>Debtor.<br>―――――――――――――<br>CHASE BANK USA, N.A.<br><br>            Plaintiff,<br>vs.<br>GENARO LUNA ,<br><br><br><br>            Defendant. | Chapter 7<br><br>Bankruptcy No. 08-35865 CK<br><br>Adversary Case No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br>U.S.C.<br>§523(a) (2) (A)<br><br>DATE: See Summons |

### COMPLAINT TO DETERMINE
### THE DISCHARGEABILITY OF DEBT
### AND FOR JUDGMENT

Plaintiff, through its attorney, Jerome A Yelsky, Of Counsel, states as follows:

### I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Chase Bank USA, N.A. pursuant to 11 U.S.C. § 523.

2. Plaintiff is a foreign corporation licensed to do business in the State of California with all fees and licenses paid, and otherwise is entitled to bring this action.

3. Defendant filed a Chapter 7 bankruptcy petition on 10/31/2008.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. Plaintiff is a creditor in this bankruptcy proceeding.

## II. CAUSE OF ACTION

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

7. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

8. At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX0033.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $12,789.52, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXXXXXXXX0033 between 08/06/2008 and 10/03/2008 Defendant incurred $2,334.00 in retail charges.

11. Specifically for account number XXXXXXXXXXXX0033 between 08/06/2008 and 10/03/2008 Defendant incurred $9,849.00 in cash advance and/or convenience check charges.

12. $2,334.00 of these transactions were made within the presumption period.

13. As a result of the above activity, the account credit limit was exceeded.

14. At the time the Defendants incurred charges on their account, they were cognizant of their inability to repay the charges incurred on the line of credit.

15. Pursuant to In re Dougherty 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

16. These factors in Dougherty relevant to this case include:

       (a) <u>the time between the unpaid charges and the bankruptcy filing; the number and amount of charge made;</u>

       (b) <u>the debtor's payment and debt incurrence history;</u>

       (c) <u>whether the charges exceeded the debtor's credit limit;</u>

       (d) <u>whether the debtor incurred multiple charges on the same day;</u>

       (e) <u>whether there was a sudden change in the debtor's buying habit; and</u>

       (f) <u>whether the purchases were made for luxuries or necessities.</u>

17. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendant represented an intention to repay the amounts charged Dougherty 84 B.R. 653 (9th Cir. 1998).

18. Defendant had to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiff or any other credit card issuer.

19. By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud.

20. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

21. Defendant's actions constitute material misrepresentations of the facts.

22. Defendant intended for Plaintiff to rely on those misrepresentations.

23. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

24. Plaintiff reasonably relied on Defendant's misrepresentations.

25. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

26. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $12,183.00. Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $12,183.00.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $12,183.00, plus accrued interest at the contractual rate from and after 10/31/2008, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED this 29th day of January, 2009.

WEINSTEIN & RILEY, PS

By: _____
Jerome A. Yelsky, Of Counsel (75240)
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025
Telephone: 310-820-6529